UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:18-cv-00958-JLS-PJW                    Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 13); AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO STAY (Doc. 12)

Before the Court are two motions: (1) a Motion to Remand and Request for Sanctions filed by Plaintiffs; and (2) a Motion to Stay Case filed by Defendant Equifax. (MTR, Doc. 13; MTS, Doc. 12.) The parties opposed each other's Motions and each filed a Reply. (MTR Opp., Doc. 17; MTS Opp., Doc. 14; MTR Reply, Doc. 18; MTS Reply, Doc. 19.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for August 3, 2018, at 2:30 p.m., is VACATED. Having considered the parties' papers and for the reasons discussed below, the Court GRANTS Plaintiffs' Motion to Remand and DENIES AS MOOT Defendant's Motion to Stay.

I. **BACKGROUND**

This case arises out of a data security incident that Defendant announced on September 7, 2017, which is now the subject of a Multidistrict Litigation ("MDL") proceeding in the Northern District of Georgia.

Case No.: 8:18-cv-00958-JLS-PJW							Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

Plaintiffs filed the First Amended Complaint[1] in Orange County Superior Court on April 19, 2018, alleging claims for (1) negligence; (2) violation of Consumer Credit Reporting Act, Cal. Civ. Code §§ 1785, *et seq.*; (3) violation of Consumer Records Act, Cal. Civ. Code § 1798.81.5; and (4) conversion. (FAC ¶¶ 5–45, Doc. 1-2.) Plaintiffs seek compensatory damages, punitive damages, and attorney's fees "to the maximum limit of $74,000 per plaintiff." (*Id.* at 10.) Plaintiffs also seek "other and further relief as the court may deem proper, except that Plaintiffs do not seek declaratory relief, injunctive relief, or any other type of equitable relief." (*Id.* at 11.) Moreover, Plaintiffs attached to the FAC signed stipulations in which each Plaintiff agreed that he or she "would not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit." (Stipulations, Doc. 1-2.)

On May 31, 2018, Defendant removed the case to this Court on the basis of diversity jurisdiction. (*See* Notice of Removal, Doc. 1.) Then, on June 6, 2018, Defendant filed a "Notice of Potential Tag Along Action," requesting that the Judicial Panel on Multidistrict Litigation ("JPML") transfer this case for consolidation with the *In re Equifax* MDL. (*See* Notice of Tag Along, Ex. A to Mot., Doc. 12-2.) The JPML then issued a Conditional Transfer Order on June 8, 2018, which Plaintiffs opposed and is currently being briefed before the JPML. (*See* CTO, Ex. B. to Mot., Doc. 12-2.)

Plaintiffs seek to remand this matter, and Defendant seeks a stay pending the JPML's final decision on transfer.

## II.    ORDER OF PENDING MOTIONS

The Court must first determine in which order to consider the parties' motions. Plaintiffs argue that the Motion to Remand addresses jurisdictional defects, which must be considered first. (MTS Opp. at 2.) Defendant argues that the Court should address its Motion to Stay first and wait to see if the case is transferred to the MDL court before considering the Motion to Remand. (MTR Opp. at 1–2.)

---

[1] Although titled "First Amended Complaint," this document is the original pleading that initiated the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00958-JLS-PJW                                   Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

"This Court applies the *Conroy* methodology when considering simultaneous motions to remand and to stay in the MDL context." *Acosta-Smith v. Equifax Inc.*, No. 8:18-CV-00005-JLS (PJW), 2018 WL 1155981, at *2 (C.D. Cal. Mar. 5, 2018). The *Conroy* approach proceeds as follows:

> First, the Court gives preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the Court completes its consideration and remands the case to state court. Second, if the jurisdictional issue appears factually or legally difficult, the Court determines whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, then the Court will rule first on the defendant's motion to stay.

*Id.*

In *Acosta-Smith v. Equifax*, another case arising out of Defendant's security breach, the Court found it appropriate to consider Defendant's motion to stay before the plaintiffs' motion to remand. *Id.* at *3. In that case, the complaint alleged a $74,000 per plaintiff damages cap, but the plaintiffs did not file stipulations binding themselves to the cap. *Id.* at *3. Noting the absence of Ninth Circuit authority on the issue, the Court found that it was not clear whether the damages cap alone was sufficient to establish the amount in controversy with "legal certainty" and thus it was "not an obvious case for remand." *Id.*

As in *Acosta-Smith*, the primary issue raised by the instant Motion to Remand is whether the amount in controversy satisfies the jurisdictional minimum.[2] (*See* MTR at

---

[2] Plaintiffs separately argue that Defendant did not provide adequate evidence of the parties' diversity in its Notice of Removal, though Defendant responds that it need only *allege* complete diversity at this juncture. (*See* MTR at 7; MTR Opp. at 7–9.) However, the Court need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00958-JLS-PJW                                          Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

8–15.)  However, there is one critical difference here: Plaintiffs have submitted signed stipulations stating that they will not seek, ask for, recover, or accept an amount in excess of $74,000.  (*See* Stipulations.)  There can be no dispute that a plaintiff may obtain remand "by stipulating to [an] amount[] at issue that fall[s] below the federal jurisdictional requirement."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).  Thus, engaging the first step of *Conroy*, a preliminary assessment of the merits of the Motion to Remand suggests that removal was improper, "and thus, the Court must promptly complete its consideration of Plaintiffs['] [Motion to Remand] and remand if necessary."  *Goodwin v. Kojian*, No. SACV 13-325-JLS (JPRx), 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013).  For the same reason, even if the Court were to proceed to the second step of *Conroy*, the jurisdictional issue is not "sufficiently difficult" to warrant deciding Defendant's Motion to Stay before Plaintiffs' Motion to Remand.  *Id.*

   Accordingly, the Court will decide the Motion to Remand first before reaching the merits of Defendant's Motion to Stay.

### III.   **MOTION TO REMAND**

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"When a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that the jurisdictional amount is met."  *U.S. Bank Nat'l Ass'n v. Azam*, No.

---

not reach this dispute because it finds that Defendant cannot satisfy the amount in controversy requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00958-JLS-PJW  Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

SACV-13:633-JLS (JPRx), 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013), *aff'd sub nom. U.S. Bank Nat. Ass'n v. Azam*, 582 F. App'x 710 (9th Cir. 2014). As Defendant concedes, removal is precluded where a plaintiff has entered a binding stipulation "stating that he does not seek, will not ask for, and waives his right to accept an amount … in excess of $75,000." (MTR Opp. at 13.) *See, e.g., Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014); *Ford v. United Parcel Serv., Inc.*, No. 3:14-CV-1872-D, 2014 WL 6491446, at *2 (N.D. Tex. Nov. 20, 2014); *Gomez v. RSC Equip. Rental Inc.*, No. CV-08-009-JLQ, 2008 WL 725022, at *1 (E.D. Wash. Mar. 17, 2008).

Here, Plaintiffs have each filed binding stipulations averring that the amount in controversy will not exceed the jurisdictional minimum. (*See* Stipulations.) Although some of the signatures are electronic, as Defendant points out, (MTR Opp. at 12, 14), Plaintiffs' Counsel has satisfied the relatively "low burden" of authenticating these signatures by explaining how they were obtained through Counsel's online portal system. (*See* Wilens Decl., Doc. 18.) *Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1076 (N.D. Cal. 2015); *Prasad v. Pinnacle Mgmt. Servs. Co., LLC*, No. 5:17-CV-02794-HRL, 2018 WL 401231, at *5 (N.D. Cal. Jan. 12, 2018). Thus, the stipulations are effective to legally bind all Plaintiffs to the damages cap, and therefore Defendant cannot show with legal certainty that the amount in controversy is satisfied.[3] *Cf. Acosta-Smith*, 2018 WL 1155981, at *2–*3.

Accordingly, the Court GRANTS Plaintiffs' Motion to Remand. However, the Court does not find that sanctions are warranted, and so DENIES Plaintiff's request for sanctions.

---

[3] Defendant also devotes a significant portion of its Opposition to arguing that the damages cap as alleged in the FAC is not binding because California law does not allow a plaintiff to plead a punitive damages amount in the complaint. (*See* MTR Opp. at 9–12.) The Court need not address this argument because it has no relevance to the effectiveness of Plaintiffs' stipulations. *See Ford*, 2014 WL 6491446, at *7 (noting that a plaintiff may avoid removal by alleging that she seeks monetary relief of a certain sum "or less … and includes with her petition the necessary stipulation or affidavit").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00958-JLS-PJW                                  Date: July 30, 2018
Title: David William Blood, et al. v. Equifax, Inc., et al.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED. Defendant's Motion to Stay is DENIED AS MOOT. This matter is remanded to the Orange County Superior Court, case no. 30-2018-00975969-CU-BT-CJC.

Initials of Preparer: tg